21 So.2d 572

### JUNIOUS v. STATE.

2 Div. 730.

Court of Appeals of Alabama.

Feb. 27, 1945.

Rehearing Denied March 27, 1945.

S. W. Compton, of Linden, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Forman Smith, Asst. Atty. Gen., for the State.

RICE, Judge.

Wash Junious, a negro man, was convicted of buying, selling, or concealing stolen property, and sentenced to serve imprisonment in the penitentiary for a term of five years.

The facts of the case are stated by the Assistant Attorney General, here representing the State, as follows, viz.: "The evidence for the State tended to prove that Sammy Walton and High Brown entered into a conspiracy to steal a calf, the property of a Mr. J. R. Walker. A Mrs. Rayburn had given High Brown some money with which to purchase a calf. These two men entered upon the property of Mr. Walker and stole the calf; High Brown paid Sammy for his services and found it difficult to drive or lead the calf; whereupon, he contacted the defendant who assisted in driving or leading the calf some three miles to Mrs. Rayburn's home. The defendant admits receiving two dollars from High Brown. He also made statements that he knew at the time he assisted in carrying away the calf and that he personally knew that the calf was not the property of Mrs. Rayburn, Sammy Walton or High Brown."

The above is, literally, the way the facts are stated in the State's brief—and upon which it relies for an affirmance of the judgment of conviction.

Of course we should say that "J. R. Walker," where it appears in said statement, was evidently meant for "J. R. Crocker"; since all the evidence points to the fact that the "calf"—if that is a correct designation of the "heifer, an animal of the cow kind," named in the indictment—which was stolen, was the property of "James R. Crocker," whose name was correctly given in the said indictment.

Without going into detail—for reasons we deem best for our judicial traditions—we may say that it is our opinion that if appellant's testimony, while given as a witness in his own behalf, on the trial leading to this appeal, had been believed by the jury, he would never have been convicted. And he was entitled to have that testimony weighed by the jury, unburdened by irrelevant and prejudicial matters.

If appellant was guilty as charged, we may assume that State's counsel has stated—as we believe he has—the strongest aspects of the evidence, and all the aspects, that pointed to that fact.

It at once, then, becomes evident that it was entirely irrelevant and immaterial as to what, if any, conversation took place in appellant's absence between High Brown, Sammy Walton and Mrs. Rayburn on the Saturday evening before the Sunday morning on which the testimony tended to show Mr. J. R. Crocker's "calf" (to so designate it) was stolen and carried away.

Specifically, we hold that it was error, and, in the nature of things—all the parties being negroes, except Mrs. Rayburn, a white lady of considerable prominence in the locality, and said locality being entirely within Alabama's far famed "Black Belt"—highly prejudicial to appellant, to allow the witness High Brown to narrate in detail his conversation with Mrs. Rayburn on the Saturday evening above referred to.

What High Brown said to Mrs. Rayburn, and what she said to him, with regard to Sammy Walton, and with regard to her giving a sum of money to High Brown with which to procure a "yearling" from Sammy Walton, could not have been material to the question of whether or not appellant was guilty as charged. And, as we have said, we entertain no doubt that it weighed heavily against him.

For the error in admitting this testimony the judgment will be reversed and the cause remanded.

It is so ordered.

Reversed and remanded.